NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is
not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3280

CLEVELAND B. HOLLOWAY,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

_____

DECIDED:  April 8, 2005

_____

Before MAYER, LOURIE, and RADER, Circuit Judges.

PER CURIAM.

Cleveland B. Holloway appeals the final decision of the Merit Systems Protection Board holding that the Department of the Interior ("agency") did not violate the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8) ("WPA"), when it refused to reinstate him as a GS-11 geologist after a voluntary leave of absence for pursuit of political office.  Holloway v. Dep't of the Interior, No. DE1221980017-M-1 (MSPB Mar. 30, 2004).  We affirm.

We must affirm the board's decision unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or if not supported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986). The board has jurisdiction over Holloway's individual right of action ("IRA") appeal if he first exhausts his administrative remedies before the Office of Special Counsel and makes non-frivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8); and (2) the disclosure was a contributing factor in the agency's decision not to reinstate him. See Briley v. Nat'l Archives & Records Admin., 236 F.3d 1373, 1378 (Fed. Cir. 2001); Schmittling v. Dep't of the Army, 219 F.3d. 1332, 1336 (Fed. Cir. 2000). If jurisdiction is established, the agency will not be required to reinstate Holloway if it demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of the alleged whistleblowing disclosure. See 5 U.S.C. § 1221(e)(2); Carr v. Social Sec. Admin., 185 F.3d 1318, 1322 (Fed. Cir. 1999). In deciding an IRA appeal, it is not legal error for the board to decide a case based on the agency's affirmative defense rather than first deciding whether the appellant has proved that his disclosures were protected by the WPA. See Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1372 (Fed. Cir. 2001) (affirming a board denial of an IRA appeal based only upon the board's finding on the merits that the agency proved its affirmative defense).

Holloway first alleges that the board improperly established jurisdiction over his case when it failed to address the second jurisdictional criterion: determining whether he raised a non-frivolous allegation that his alleged whistleblowing disclosures constituted

a contributing factor in the agency's refusal to reinstate him. While it is true that the administrative judge in the initial decision established board jurisdiction without addressing this criterion, the full board in its final decision correctly found this misstep to be harmless and affirmed the finding of jurisdiction because the record showed that Holloway had, in fact, made the requisite allegation. Because substantial evidence supports the board's jurisdictional finding, the board did not err by not remanding to the administrative judge on the question of jurisdiction. Further, the board's decision establishing jurisdiction moots Holloway's request for a jurisdictional hearing.

Holloway's two-fold attack upon the board's evaluation of the merits also fails. He asserts that: (1) the board erred by finding, based only upon the agency's affirmative defense, that the agency would have taken the same personnel action regardless of any whistleblowing activity; and (2) absent his evidence of a protected whistleblowing disclosure, the board could not have found that the agency proved its affirmative defense by clear and convincing evidence. First, the board had discretion to decide the order in which it addressed the merits of Holloway's IRA appeal, and it did not err by beginning, and ending, its evaluation by considering first the agency's affirmative defense. See Yunus, 242 F.3d at 1372. Second, because the board was not obligated to first consider Holloway's evidence of protected disclosures, the board did not err by considering only the agency's evidence when evaluating its affirmative defense. The board's finding that the agency would have taken the same action in the absence of any alleged whistleblowing is substantially supported by the fact that an agency hiring freeze was in place at the time of Holloway's resignation and request for reassignment.

04-3280                                        3